## The Hazenwinkle Grain Company v. C. W. McComb, Administrator, etc.

1. EQUITABLE LIEN—*what essential to.* It is indispensable to an equitable lien that the property intended to be charged therewith should be identified or described with a reasonable degree of certainty.

Action of assumpsit. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

D. D. DONAHUE, for appellant.

BARRY & MORRISSEY, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellee, who is the administrator of the estate of William Jackson, deceased, to recover a balance due upon the purchase price of grain sold and delivered by appellee, as such administrator, to the appellant. A jury was waived, the cause tried by the court, and a judgment rendered in favor of the plaintiff, from which the defendant appeals. The cause was tried under a stipulation of facts, the material parts of which are substantially as follows: that Jackson received from the defendant the sum of $105 as an advancement on corn which he agreed to sell and deliver to it at the market

price at the time of delivery; that said corn was then and there growing on a farm leased by Jackson; that Jackson died before the corn was delivered, whereupon all the corn belonging to him came into the possession of the plaintiff as administrator; that about a week thereafter plaintiff was notified by defendant of the said agreement of Jackson with defendant; that afterward plaintiff sold and delivered to defendant all the corn belonging to Jackson's estate, for the sum of $494.22; that defendant was not aware that it was buying from plaintiff all the corn belonging to said estate; that since the commencement of the suit defendant has paid to the plaintiff $389.22, leaving a balance due of $105, being the amount advanced by it to Jackson as aforesaid; that said sum is the only amount in controversy; that the estate of Jackson is insolvent; and that in the contract between defendant and Jackson, no particular corn was separated from the entire bulk, nor otherwise set apart or identified.

Appellant contends that by reason of the advancement to Jackson of a portion of the purchase price of the corn. agreed to be purchased by it, it acquired an implied equitable lien thereon, whereby it had a right to set off the amount so advanced in the suit at bar, notwithstanding the estate of Jackson is insolvent; that the money in justice and fair dealing belongs to it, and assumpsit being an equitable action, an equitable counter claim will defeat it.

The rule is that it is indispensable to an equitable lien that the property intended to be charged therewith should be identified or described with a reasonable degree of certainty. Union Trust Co. v. Trumbull, 137 Ill. 146. It appears from the stipulation that at the time the contract between Jackson and appellant was entered into, no particular corn was separated or set apart or in any way identified, but that at that time the corn was still in the field. It does not even appear that the contract embraced all the corn then owned or possessed by Jackson, nor in fact any particular or specified quantity. It is therefore apparent that appellant had neither legal nor equitable title to nor actual or constructive possession of the corn, nor a right to

the proceeds thereof, nor had it either a legal, equitable or statutory lien thereon. At most it had but a right of action for the money advanced by it and for damages, if any, arising from a breach of the contract.

The case of Tennis v. Midkiff, 55 App. 642, relied upon by counsel for appellant, fails to support his contention, and in fact has no application to the case at bar. It is conceded, as held therein, that in an action accruing to an administrator after the death of his intestate, the defendant cannot set off a debt due to himself from the intestate in his lifetime.

The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*